GLASGOW & HARRISON vs. MOORE & FEAZEL.

Where there is conflicting evidence, the verdict of a jury, or finding of the court sitting as a jury, will not be set aside.

ERROR to Chariton Circuit Court.

LEONARD & BAY, for Plaintiffs.

1 The verdict was clearly contrary to the evidence. The account of the plaintiffs was fully proved, and the only evidence on the part of the defendants, was the testimony of Applegate in relation to the rate of exchange. Admitting the rate of exchange to have been as stated by this witness, still there was a balance due to plaintiffs.

STRINGFELLOW & ABELL, for Defendants.

1. Plaintiffs in error cannot object in this court to any proceedings in the circuit court, unless the objections were made, and exceptions saved in the ciruit court.

2. All the evidence offered by plaintiffs in the circuit court, was admitted, and all the instructions asked by them given.

3. The evidence offered by defendants was not objected to in the circuit court.

4. The 3rd instruction asked by defendants, and the only one excepted to by the plaintiffs, ought to have been given. Rev. Stat. 1835, title, set off.

5. The plaintiffs in error cannot, in this case, object to the 3d instruction. It was given to the jury, who being unable to agree upon a verdict were discharged; the cause then stood as though the jury had never been sworn. The cause then being submitted to the court, no evidence being offered or instructions asked, the court acted more as a referee than a jury.

6. The court, had it been necessary, might well have disregarded much of plaintiffs' evidence, as not entitled to credit by its own showing.

7. If the testimony offered by defendants had been objected to, it was legal testimony as going to establish defendants' off sets.

8. If all the instructions and testimony of defendants were excluded, the verdict and judgment must have been for the defendants by the plaintiffs' own showing.

Glasgow & Harrison vs. Moore & Feazel.

McBride, J., delivered the opinion of the court.

The plaintiffs brought their action of assumpsit in the circuit court of Chariton county against the defendants, who pleaded non-assumpsit, and gave notice of a set off under the statute.

From the evidence in the cause, as preserved by the bill of exceptions, it appears that Moore & Feazel were largely engaged in Chariton county in the purchase of tobacco, and preparing it for the European markets. Glasgow & Harrison were merchants in St. Louis, and undertook the agency of shipment and sale of the tobacco in Europe, for which service and advancements made on account of the tobacco consigned to them, Moore & Feazel were to pay them. The account upon which the action was brought embraced transactions between the parties for more than twelve months, and amounted to upwards of thirteen thousand dollars. After the parties had closed their evidence, the plaintiffs asked and obtained two instructions from the court to the jury—the defendants asked and the court gave, at their instance, four instructions to the jury. The jury not being enabled to agree on a verdict, they were by consent of the parties discharged; and by agreement of said parties the cause was submitted to the court, who found for the defendants, and assessed their damages to $164 75, and entered judgment for the same.

The plaintiffs filed their motion for a new trial, which being overruled, they excepted, and now bring the case to this court by a writ of error, and seek to reverse the judgment of the circuit court.

Upon an inspection of the record, it appears that no evidence offered by the plaintiffs was excluded by the court, nor was any exception taken by them to any evidence offered by the defendants.

The plaintiffs excepted in the circuit court to the third, and perhaps the fourth instructions given on the motion of the defendants; but the exception was not relied upon in this court, as they were so obviously right.

The only point then, is the supposed error in the finding of the court. To say that there was no conflict in the evidence in the cause, would look like an imputation upon the intelligence of the jury who were unable to find a verdict. The record, however, shows that there was contradictory testimony, and when that is the case, the jury have a right to canvass it, and to give to it that weight and consideration which it deserves. In drawing correct and safe conclusions from evidence, the jury and the circuit judge may have many important and signal advan-

tages over this court, they know the character of the witnesses, see the manner in which they testify, can detect the slightest evidence of bias or prejudice, remember *all* that a witness says, whilst this court only sees what the counsel commits to paper, unaccompanied by any of the above advantages, which are so necessary in the formation of a correct judgment.

This case comes within the principle decided by this court in 6 Mo. R. 63, and 8 Mo. R. 437.

Judge SCOTT concurring herein, the judgment of the circuit court is affirmed.