## SINCLAIR v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted April 6, 1920. Decided May 3, 1920.)

No. 3353.

1. **Homicide** ⊗=169(2)—**Similar accidents at same place inadmissible on issue of reckless driving.**

   In a prosecution for manslaughter, by recklessly driving an automobile so as to throw deceased therefrom, it was not error to exclude testimony that similar accidents had occurred at the same place, since those accidents may have been the result of recklessness; but evidence as to the condition of the street and that there was a "right mean turn" there was properly admitted.

2. **Criminal law** ⊗=829(3)—**Charge requiring finding of reckless or gross negligence held to cover request.**

   A requested charge that accused could not be convicted of manslaughter, unless the death was the result of excessive speed, recklessness, and gross negligence in driving the automobile, was substantially covered by a charge that before the jury could convict they must find defendant guilty of gross negligence or reckless negligence, so that the refusal of the request was not error, even if it was correct.

3. **Homicide** ⊗=125—**Breaking of steering wheel held defense, if not caused by defendant's carelessness.**

   Though a requested charge, directing acquittal if the proximate cause of the death was the breaking of the steering wheel of the automobile, was properly refused, because omitting the element of defendant's carelessness as a cause of the breaking, it was error to refuse a requested charge directing acquittal, if the death was due to breaking of wheel and the break was not caused by any unlawful act of defendant.

4. **Criminal law** ⊗=814(1)—**Charge should limit negligence sustaining conviction of homicide to that alleged.**

   In a prosecution for manslaughter, resulting from unlawful speeding and reckless driving of an automobile, a charge authorizing conviction

if the jury were satisfied death resulted from any negligent act or omission of the defendant was erroneous, as not limiting the jury to the acts of negligence alleged.

Appeal from the Supreme Court of the District of Columbia.

Charles C. Sinclair was convicted of manslaughter, and he appeals. Reversed and remanded.

Dan Thew Wright and Walter A. Johnson, both of Washington, D. C., for appellant.

J. E. Laskey, U. S. Atty., and Morgan H. Beach, Asst. U. S. Atty., both of Washington, D. C.

SMYTH, Chief Justice. Sinclair was charged with manslaughter, and from a conviction and sentence he appeals.

The indictment upon which he was tried alleged that he "feloniously, wantonly, recklessly, and negligently did drive and run" an automobile "at a great and unlawful rate of speed, and that in so driving and running said automobile as aforesaid" he caused one Henry Tolson to be thrown out of the automobile, and thereby inflicted upon him a mortal wound, from which he died.

[1] We do not believe that there was any fault on the part of the court in declining to permit a witness to testify that he had observed other accidents at the place where this accident occurred, and that he had one there himself. Those accidents may all have been the result of carelessness, and, if so, the fact that they took place would have no tendency to prove that defendant was not negligent. He was, however, permitted through a witness to describe the condition of the street at that point, and to say that there was "a right mean turn" there. This was proper as bearing upon the question as to whether or not that condition or careless driving of the defendant was the cause of the accident.

[2] The court declined to charge the jury at the request of the defendant that they could not find him guilty unless the death was the result of "excessive speed, recklessness, and gross negligence." Without deciding whether or not this request stated the law correctly with respect to gross negligence, there was no error in refusing it, because the court gave substantially the same instruction on its own motion. Finney v. District of Columbia, 47 App. D. C. 48, L. R. A. 1918D, 1103. It charged the jury that before there could be a conviction they must find that the defendant was guilty of "what is known as gross negligence, or reckless negligence."

[3] Complaint is made because the court refused a request to charge that, if the jury found that the proximate cause of the death was the breaking of a part of the steering wheel of the automobile, thereby rendering it useless, they should acquit. There was no error in refusing this request, because it omitted the element of defendant's carelessness. The breaking of the wheel may have been due to his want of care in driving the machine. But we think that there was error in the court's refusal to give a request which said in substance

that, if the jury believed that the death was due to the breaking of the wheel and that the breaking "was not caused by any unlawful act of the defendant," they should acquit. No equivalent instruction was given by the court. It must be clear that if the defendant was in no wise responsible for the breaking of the wheel, and it caused the accident, he should not have been convicted.

[4] As this case will probably be retried, it is proper for us to say that the deliberations of the jury should be confined to the charge in the indictment. The defendant was not charged generally with negligence, but with specific acts of negligence, namely, unlawful speeding and reckless driving. If the death was not caused by those acts, or one of them, he was entitled to a verdict of not guilty, irrespective of any other negligence with which he might have been chargeable. None the less the learned trial justice said to the jury that before they could convict they must be satisfied beyond a reasonable doubt that the death resulted "from some negligent act of this defendant or negligent omission to act on the part of this defendant, which resulted, proximately and directly, in that death." Under this instruction the jury could have predicated its verdict of guilty upon acts of negligence outside of those charged in the indictment. It is not justified by anything found in Schultz v. State, 89 Neb. 34, 130 N. W. 972, 33 L. R. A. (N. S.) 403, Ann. Cas. 1912C, 495, and State v. Watson, 216 Mo. 420, 115 S. W. 1011, cited by the government.

In the Watson Case the defendant was charged with carelessly, recklessly, and negligently running his automobile over and upon a certain street. It was ruled that under this charge proof that he was operating the machine in disregard of an ordinance of the city regulating the use of such machines was permissible; in other words, that anything which had a tendency to show that he was operating the machine in an unlawful way was proper under the charge in the indictment. But this would not warrant the reception of evidence bearing upon acts of negligence which did not relate to the driving of the machine. The Schultz Case is along the same line.

The instruction given by the court in the case before us permitted the jury to rest their verdict on "some negligent act," whether or not it was embraced within the charge made in the indictment. As no exception was taken to it, it is not ground for reversal; but we mention it, that the same error may not be committed at the next trial.

For the reasons given, the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.