## MATTHEWS et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.  June 11, 1924.)

No. 3368.

1. **Indictment and information** ⬦196(7)—Objection to indictment held waived.
   That an indictment charging conspiracy, on which issue alone the case was submitted, was duplicitous, *held* immaterial, where motions by defendants to quash were abandoned and not argued.

2. **Criminal law** ⬦598(7)—Refusal of continuance because of absence of witness not subpœnaed held not error.
   Refusal of a continuance because of the absence of a witness, who had agreed to appear, but was not subpœnaed, *held* not error.

3. **Criminal law** ⬦1186(4)—Error in instruction held harmless.
   An instruction relating to the effect of a statement by one of several defendants charged with conspiracy, if conceded to be in part erroneous, *held* not prejudicial, and not ground for reversal, under Comp. St. Ann. Supp. 1919, § 1246.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against Ed. J. Matthews and John Marsh.  Judgment of conviction, and defendants bring error. Affirmed.

McCawley Baird and C. B. Thomas, both of East St. Louis, Ill., for plaintiffs in error.

Lawrence T. Allen, of Danville, Ill., for the United States.

Before EVANS and PAGE, Circuit Judges, and FITZ HENRY, District Judge.

PAGE, Circuit Judge.  The indictment charges conspiracy to commit an offense by the unlawful manufacture, etc., of intoxicating liquors. Several overt acts are charged, followed by what was probably intended by the grand jury to be an overt act, but which in fact charges an unlawful sale of intoxicating liquors.

[1] 1. It is urged that the two complete offenses charged in one count make the whole indictment bad because of duplicity.  Plaintiffs in error, here called defendants, were represented by different attorneys, Marsh by McGlynn, and Matthews by Thomas.  Each made a formal motion to quash, stating he did not care to argue it.

"The Court: Anything seriously wrong with this indictment?
"McGlynn: I thought so at one time, but not now."

Thomas, for Matthews, made no reply, and the motion was overruled. In the instructions, the court told the jury that the "indictment * * * is one charging a conspiracy to commit an offense against the United States."  Under the circumstances, it is immaterial whether the count was duplicitous or not.  Lewellen v. U. S. (8th C. C. A.) 223 Fed. 18, 20, 138 C. C. A. 432, and Supreme Court cases there cited.

[2] 2. There was no error in refusing to grant a continuance because of the absence of the witness Shoulders.  Instead of procuring attend-

ance of Shoulders by subpœna, defendants relied upon an alleged agreement made with him out of court, which he did not keep.

3. After charging conspiracy, several overt acts are set out, in one of which it is alleged that, pursuant to the conspiracy, the defendants transported intoxicating liquor in the county of St. Clair, in the state of Illinois, and within the jurisdiction of the United States courts for the Eastern district of Illinois. There is much evidence that the defendants were the chief actors in the conspiracy charged in the indictment. There is also conclusive evidence that a still, such as is described in the first over act named in the indictment, was established and in operation on the defendant Matthews' farm in Madison county, in the Southern district of Illinois. There is also evidence of liquor sales by Marsh to various parties and at various places in St. Clair county, which is in the Eastern district of Illinois. In his affidavit for continuance, Marsh states:

"This defendant did, through the procurement of the said N. S. Shoulders and J. E. Early, do and perform those matters and things with which he is herein charged and for which he has been indicted."

And the affidavit of defendant Matthews contains substantially similar statements on his part. Clearly there is sufficient proof to sustain the charge of conspiracy and of overt acts within the jurisdiction of the court.

4. Matthews excepted to the court's instruction on the question of what is entrapment. The evidence shows beyond question that defendants Marsh and Matthews were old offenders against the prohibition law, and that they were not induced, as innocent parties, to enter into the conspiracy by anybody. On the contrary, the evidence shows that they were seeking to, and believed they were, bribing government officials for the purpose of purchasing protection. We see no error in the instruction as applied to the facts before the jury.

[3] 5. A written confession by Matthews, and another by a defendant Iglehart, were offered in evidence, and the court was asked by Thomas, attorney for Matthews, to instruct the jury that Iglehart's statement should not be considered by the jury as against any of the other defendants. The court thereupon instructed the jury:

"The statement of one of these defendants is not binding upon the others, unless you believe that the evidence, independent of that, establishes a conspiracy between the parties. If you believe from the evidence, beyond all reasonable doubt, that a conspiracy is established by the evidence, other than in such alleged statements, then the statement of any one of the defendants, Iglehart or otherwise, will bind the defendants. If you do not believe there was such a conspiracy, if you think there is a reasonable doubt about it, then, of course, the statement will not bind any other defendant."

Thomas alone excepted. McGlynn, representing Marsh, did not except; but he and Thomas both excepted to the court's instruction upon other matters. In addition to the undisputed evidence sufficient to warrant a conviction of Matthews, his written confession, wholly uncontradicted, discloses every element necessary to support conviction under the indictment. Beyond question he cannot have any benefit because of an erroneous instruction as to the effect of the Iglehart confession. The Iglehart statement did not involve Matthews to

any greater extent than did his own. While the latter part of the instruction, "If you believe from the evidence, beyond all reasonable doubt, that a conspiracy is established by the evidence, other than in such alleged statements, then the statement of any one of the defendants, Iglehart or otherwise, will bind the defendants," may be, in part, erroneous, yet the whole instruction clearly and unqualifiedly required the jury to find that the evidence, wholly exclusive of those statements, proved the charge of the indictment, namely, the conspiracy between the parties, and we must presume that the jury did find the defendants guilty of the conspiracy without reference to the Iglehart statement. As shown, the appearance of McGlynn was as attorney for Marsh and Iglehart, and the appearance of Thomas was for Matthews. The record indicates that each attorney was trying the case for his individual client. Marsh's lawyer made no request for and took no exception to the instruction touching the Iglehart statement.

If it is conceded that the instruction as to the Iglehart confession was erroneous, and that the exception thereto was preserved on behalf of Marsh, yet we are of opinion, after considering the whole record, that there is no justification for a reversal. 40 U. S. Stats. at L. p. 1181, Comp. Stat. Ann. Supp. 1919, § 1246; Haywood v. U. S. (7th C. C. A.) 268 Fed. 795, 798.

The judgment is affirmed.