## BLACKMON v. UNITED STATES.
### No. 9042.

Circuit Court of Appeals, Fifth Circuit.
Jan. 3, 1940.

Rehearing Denied Jan. 29, 1940.

Thos. Arthur Edwards, of Lake Charles, La., for appellant.

Malcolm E. Lafargue, Asst. U. S. Atty., of Shreveport, La., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The conviction was for perjury.[1] The charge against appellant was that while a witness for defendant in a criminal case styled, U. S. v. Neal Cooper, on the docket of the District Court of the U. S., for the Western District of Louisiana, he had on cross-examination, in support of his testimony in chief, sworn falsely to matters material in the criminal trial then and there being held. As charged in the indictment, this was the occasion of the false testimony. In Cooper's trial for the crime of possessing and operating an illicit whiskey distillery and possessing mash, it became a material question, whether a certain copper coil found on Cooper's premises was possessed and used by him as a part of an illicit distillery. The defendant Cooper testified that the copper coil was an old coil belonging to his father. The appellant, called as a witness by the defense testified, that he had seen the copper coil in question in Cooper's smokehouse, prior to Cooper's arrest, and that at that time he had recognized and spoken of the copper coil to Cooper, as being an old coil which had

---

[1] "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than $2,000 and imprisoned not more than five years." 18 U. S.C.A. § 231.

belonged to Cooper's father. Thereupon it became material upon cross-examination, to test, by inquiring why appellant was in Cooper's smokehouse at that particular time, whether in fact he was there.

This is the substance of the false testimony. In support of his statement that he was there, appellant testified that he had gone there for the purpose of purchasing hog meat for his tenants, and then, in response to further questioning, falsely and knowingly swore, that he had then purchased 110 lbs. of hog meat for three of his tenants, Cooper, Speaks and Blackmon, and that he had given 35 lbs. to Cooper, 25 lbs. to Speaks and 50 lbs. to Blackmon, knowing when he gave the testimony that it was false, in that he did not purchase any quantity of meat from Cooper at that time or place for the said tenants, and at no time, gave them the meat, as he falsely said that he did.

Appellant complains here of the trial court's action, in refusing him a continuance for the absence of a material witness and in giving and refusing charges, but he really pitches his appeal on the point that the facts, he was charged with having, and was found to have sworn falsely to, were not material matters within the perjury statute. Urging that the only part of his testimony which was material to the matter at issue in Cooper's case, the guilt or innocence of Cooper, was that to the effect that he was at the smokehouse on the day named and there saw and recognized the copper coil as one belonging to Cooper's father. He insists that the testimony, charged as perjured, that he had purchased meat for, and distributed certain amounts of it to, named tenants, was wholly immaterial. When he made this point below by motion to quash the indictment, the District Judge ruled; that to the main issue in the case, out of which the perjury charge grew, whether defendant Cooper had a still, appellant's testimony that he saw and recognized the coil as an old one belonging to his father, was most material; and this being so, the testimony charged in the indictment as perjured, was also material, because appellant gave it, knowing that the circumstantial details into which he thus entered as to the purchase and distribution of meat to his tenants, tended not only to support him against the cross examination, as to why and whether he was there, but to lend credence to his very material testimony that he did go to the smokehouse and there saw and recognized the coil.

In short, the District Judge thought and said that if, on cross examination, appellant had put forward no reason for being there, his testimony would have lacked the circumstantiality which the details he supplied, gave to it, and he concluded that false swearing is perjury, not only when it is given as to the main issues in the case on trial, but when it is given on cross examination, as to details, fabricated by the witness, knowingly and falsely, in order to strengthen and support his testimony given on those issues.

We think the District Judge was right, and that appellant in his attack upon the indictment and the proof under it, fails to distinguish between the materiality of the testimony for the falsity of which he was convicted, if offered as an independent fact, and its use by him on cross examination to support and bolster his testimony in chief. None of the cases appellant cites are contrary. Though all hold that the testimony must be both false and material, none hold that testimony given by a witness on cross examination to support his statement in chief, is immaterial under a perjury charge merely because if offered in chief, it would not have been material.

The materiality required is not as to any particular issue in the case, but as to the trial as a whole, that is, materiality is determined by whether the false testimony was capable of influencing the tribunal on the issue before it. Carroll v. United States, 2 Cir., 16 F.2d 951; Luse v. United States, 9 Cir., 64 F.2d 776; United States v. Shinn, C.C., 14 F. 447, 453; United States v. Slutzky, 3 Cir., 79 F.2d 504, 505; Fields v. State, 94 Fla. 490, 114 So. 317; Hanscom v. State, 67 N.W. 419; People v. Albert, 91 Cal.App. 774, 267 P. 587; 48 C.J., page 836, Note 44; Metcalf v. State, 8 Okl. Cr. 605, 129 P. 675, 44 L.R.A.,N.S., 513. In United States v. Shinn, supra, it is said, "but when the superfluous or collateral matter is calculated and intended to bolster the testimony of the witness on some material point, as by clothing it with circumstances which add to its probability or strengthen the credibility of the witness, it is material."

In the Slutzky case, supra, the court said [79 F.2d 505]; "as it is defined in section 125 (18 U.S.C.A. § 231) perjury means the willful giving of false testimony as to

any material matter before a competent tribunal under oath. A material matter, of course, does not mean necessarily a matter that directly affects the ultimate issue of the trial."

In Metcalf v. State, 8 Okl.Cr. 605, 129 P. 675, 680, 44 L.R.A.,N.S., 513, supra, it is said quoting Rahm v. State, 30 Tex.App. 310, 17 S.W. 416, 28 Am.St.Rep. 911, "we think it may be laid down as the rule that any testimony, which is relevant in the trial of a given case, is so far material to the issue as to render a witness, who knowingly and willfully falsifies in giving it, guilty of the crime of perjury," and from State v. Lavalley, 9 Mo. 834, "it is not necessary that the evidence given is material to the main issue; it is sufficient if it is material to any proper matter of inquiry." Again, "it is generally held to be perjury to swear falsely to anything affecting the credibility of the witness himself or the credibility of another witness in the case." "Any false statement made by a witness, which detracts from or adds weight and force to testimony as to matters that are directly material * * * may constitute perjury * * *" and quoting from Greenleaf on Evidence, "thus falsehood in the statement of collateral matter, not of substance, such as the day in an action of trespass, or the kind of stuff with which an assault was made, or the color of his clothes, or the like, may or may not be criminal, according as they may tend to give weight and force to other and material circumstances, or to give additional credit to the testimony of the witness himself, or of some other witness in the case. *And therefore every question upon the cross-examination of a witness is said to be material.*" (Italics supplied.)

If this were not so, a witness could on cross examination testify in the freest fashion and with impunity, to any fact he thought would strengthen or support his testimony in chief, if the matters testified to would have been inadmissible on direct, as independent evidence.

This should not be, it is not, the rule. Authorities supra.

■ Appellant's point, on the refusal of a continuance is equally without merit. The granting or refusing of a continuance is within the discretion of the court. Its refusal, as such, may not be assigned as error, but only that there was an abuse of discretion. Isaacs v. United States, 159 U. S. 489, 16 S.Ct. 51, 40 L.Ed. 229; Johnson

v. United States, 8 Cir., 32 F.2d 127; Matthews v. United States, 7 Cir., 300 F. 556. No abuse of discretion was shown here. Nor are appellant's points against the charge any better taken. The general charge was fair and full. In it, the District Judge gave in charge to the jury, the substance of every one of appellant's requested charges that he was entitled to have given, and one that he was not entitled to. Though the materiality of what was falsely sworn when an element in the crime of perjury was for the court, Sinclair v. United States, 49 App.D.C. 351, 265 F. 991; Carroll v. United States; United States v. Slutzky, supra, and, the jury should have been directly charged that the testimony was material, the District Judge at defendant's request, submitted the issue of materiality to the jury. The evidence amply supports the verdict of the jury that the testimony was false. No error affecting the substantial rights of appellant is pointed out or appears. The judgment is affirmed.

Affirmed.