Joel B. CANTRELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17676.

United States Court of Appeals
District of Columbia Circuit.

Argued June 17, 1963.

Decided June 27, 1963.

Petition for Rehearing En Banc
Denied Oct. 11, 1963.

Mr. Oliver Gasch, Washington, D. C. (appointed by this court), with whom Mr. Michael Mitchell, Washington, D. C., was on the brief, for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant was indicted under a two-count indictment for second degree murder [Title 22–2403, D.C.Code] and unauthorized use of a motor vehicle [Title 22–2204, D.C.Code]. After severance of the two counts, he was tried on the count involving second degree murder and was found guilty of the lesser included offense of manslaughter. He was duly sentenced, and appeals.

The facts are that on September 9, 1962, appellant was stopped by two police officers for speeding and, failing to produce a driving permit and registration card, was told to follow the officers to the precinct. He followed the officers for several blocks, then suddenly turned and drove at a high rate of speed away from the officers. He drove a number of blocks at the rate of forty to fifty-five miles per hour, the officers in pursuit and

with their siren sounding and the flashing red light on the scout car turned on. At the intersection of Rhode Island and South Dakota Avenues appellant proceeded into the intersection on a red traffic light and struck an automobile (a Chevrolet) which was going through the intersection on a green light. As a result of this collision, the five-year-old daughter of the driver of the Chevrolet was thrown from that car and killed.

Appellant urges that the trial court should not have admitted evidence that the automobile which he was driving had been stolen. We think the evidence was material in this case because it indicated his purpose in attempting to escape from the officers. In other words, the unauthorized use of the automobile was connected with the case on trial, and evidence to that effect was admissible to prove the elements of willfulness and wantonness of that offense. It is true that generally evidence is not admissible which tends to prove that a defendant committed a crime other than the one for which he is on trial, but this rule is subject to certain well established exceptions, to the end that all relevant facts and circumstances tending to establish any of the constituent elements of the crime for which the defendant is on trial may be made to appear. Cf. Lee v. United States, 72 App.D.C. 147, 112 F.2d 46 (1940).

Appellant also objects to the admission of statements of the accused deemed to be in violation of Fed.R.Crim. P. 5(a) and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). No objection was made to the admission of this testimony in the trial court,[1] and, in addition, the statements made in this connection were in effect repeated by appellant while he was on the stand at the trial. Under these circumstances, we find no occasion to exercise our discretion under Fed.R.Crim.P. 52 (b).[2]

Complaint is also made by appellant that the trial court did not properly instruct the jury on the subject of the theory of appellant's case, citing Sinclair v. United States, 49 App.D.C. 351, 265 F. 991 (1920). We think the court properly instructed the jury on this point; further, no objection was made to the court's charge in this regard.

Appellant also contends that the court did not adequately instruct the jury "on the willful and wanton aspects of manslaughter." No request was made for an instruction as to the definitions of these words, and we are not constrained to notice the objection under Rule 52(b).

Finding no error affecting substantial rights, we affirm the judgment of conviction.

Affirmed.

---

1. Counsel appointed by this court was not trial counsel.

2. *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."