904 F.2d 37
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michelle R. MALLORY, Defendant-Appellant.
 No. 89-6338.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and JULIAN ABELE COOK, Jr., Chief District Judge.[1]
 PER CURIAM:
 
 
 1
 Defendant Michelle R. Mallory appeared as a witness in the case of United States v. Lanxter in the United States District Court for the Eastern District of Tennessee. While appearing as a witness, defendant gave testimony under oath which included false statements. The District Court found that this false testimony was material to the offense charged in Lanxter, and thus found that she had violated 18 U.S.C. Sec. 1623. The court sentenced defendant to 27 months imprisonment pursuant to United States Sentencing Guidelines Sec. 2J1.3, after having found that her perjured testimony was "in respect to a criminal offense."
 
 
 2
 On appeal, defendant argues (1) that the District Court erred in finding that the false statements that defendant gave under oath were material to the offenses charged in Lanxter, and (2) that the District Court erred in finding that defendant's false statements were "in respect to a criminal offense." We AFFIRM the judgment of the District Court.
 
 
 3
 On January 17, 1989, defendant was called as a defense witness on behalf of Maurice Lanxter. Lanxter and four codefendants had been charged in an eight count indictment in connection with drug sales and a conspiracy to distribute drugs.
 
 
 4
 Defendant testified regarding a cryptic code that had been written into a book, Exhibit 22, that had been obtained by a police officer from the automobile driven by Lanxter at the time of his arrest. Also contained in the book was a coded message which translated as follows: "Give Lonnie to Friday to get in touch. If he do not, seek destroy." "Lonnie" was a codefendant of Lanxter on the conspiracy charge. The book also contained the names, addresses and telephone numbers of two of Lanxter's co-conspirators.
 
 
 5
 Defendant testified that she had been living with Lanxter and that Exhibit 22 was a book that she obtained while employed with the Tennessee Valley Authority. She stated that she worked in the personnel security unit at the Tennessee Valley Authority, and that as a job requirement she had to come up with her own code because everything in the office was confidential. Mallory admits in the present case that this testimony was false.
 
 
 6
 Mallory also testified that the message concerning "Lonnie" applied to Lonnie Minor and was a reminder to her to collect money that he owed her as a result of a traffic accident in which he was involved while driving her car. She testified that the code was not a drug code.
 
 
 7
 Defendant was subsequently charged with making a false material declaration in violation of 18 U.S.C. Sec. 1623. She waived her right to a jury trial, and the District Court conducted a bench trial. The court found that Mallory's testimony was material to the government's case concerning the conspiracy count and that the notebook was circumstantial evidence of the existence of the drug conspiracy that existed among the various defendants charged in the indictment. The court found that "defendant's statements were intended to persuade the jury that the writing in the book was not evidence of a conspiracy but was simply something that Ms. Mallory had developed in her job."
 
 
 8
 Defendant first argues that her false statements were not material within the meaning of materiality under 18 U.S.C. Sec. 1623. "The test of materiality is 'whether the false testimony was capable of influencing the tribunal on the issue before it.' " United States v. Lazaros, 480 F.2d 174, 177 (6th Cir.1973) (quoting Fraser v. United States, 145 F.2d 145, 149 (6th Cir.1944) (quoting Blackmon v. United States, 108 F.2d 572, 573 (5th Cir.1940))). The success or failure of the statement in actually leading the jury astray is not relevant to a disposition of the issue of materiality. United States v. Swift, 809 F.2d 320, 324 (6th Cir.1987).
 
 
 9
 Defendant contends that the statements in question were not material because the perjured testimony focused solely on the development and uses of the code rather than the book's actual relationship to the alleged conspiracy. We agree with the District Court that the book was circumstantial evidence on the issue of whether a conspiracy among the defendants existed, and the defendant's false statements were intended to persuade the court that the book was something other than evidence of a conspiracy. She attempted to persuade the court that the code was developed as part of her job at Tennessee Valley Authority and that it was not a "drug code" used by members of a conspiracy to distribute drugs. Thus we agree with the District Court's determination that defendant's testimony was "capable of influencing the tribunal" on the conspiracy issue.[2] Lazaros, 480 F.2d at 177. Accordingly, we AFFIRM the District Court's determination on this issue.
 
 
 10
 Defendant next argues that the District Court erred in its application of the Sentencing Guidelines. In sentencing defendant, the District Court applied guideline section 2J1.3. Section 2J1.3(c)(1) provides:
 
 
 11
 (1) If the conduct was perjury in respect to a criminal offense, apply Sec. 2X3.1 (Accessory After the Fact) in respect to such criminal offense, if the resulting offense level is greater than that determined above.
 
 
 12
 United States Sentencing Commission, Guidelines Manual (U.S.S.G.), Sec. 2J1.3(c)(1) (Oct.1988) (emphasis added).
 
 
 13
 Section 2X3.1 provides that the base level offense for an accessory after the fact is "6 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 30." U.S.S.G. Sec. 2X3.1. The application notes to this section state that " '[u]nderlying offense' means the offense as to which the defendant was an accessory." Id., comment (n.1).
 
 
 14
 In determining defendant's sentence, the court used Lanxter's offense as the underlying offense, but began the guideline calculations at level thirty instead of level thirty-two.[3] The court then deducted six levels pursuant to section 2X3.1. Having found that defendant's role in the offense was minimal, the court deducted four additional levels. The court credited defendant with an additional two level reduction for acceptance of responsibility and applied a sentencing level of eighteen to defendant's case. The guideline range for this offense level is twenty-seven to thirty-three months imprisonment. The court sentenced defendant to twenty-seven months imprisonment.
 
 
 15
 Defendant argues that her false testimony was not "in respect to a criminal offense." U.S.S.G. Sec. 2J1.3(c). She argues that her testimony referred to the genesis and use of a code, and that although the government argued that this code was evidence of a drug conspiracy, this contention was not proven. Therefore, she argues, the court improperly relied upon section 2X3.1 in sentencing her.
 
 
 16
 Factual findings made by the District Court during sentencing proceedings subject to the Sentencing Guidelines are subject to a clearly erroneous standard of review by this Court. United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989) (citing United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989)). As discussed above, defendant's testimony regarding the code was intended to persuade the jury that the writing in the book was not evidence of a conspiracy. Thus her perjured testimony was "in respect to [the] criminal offense" of conspiracy, the underlying offense for which Lanxter was tried. Thus we find that the District Court's determination that defendant's perjured testimony was "in respect to a criminal offense" was not clearly erroneous.
 
 
 17
 Accordingly, we AFFIRM the judgment of the District Court.
 
 
 
 [1]
 The Honorable Julian Abele Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 Defendant argues that the United States offered no evidence to demonstrate that the code was a drug code or had anything to do with a drug conspiracy. However, the book was offered as circumstantial evidence to support the theory of conspiracy. The book was seized from the automobile driven by Lanxter, an automobile containing a box purportedly filled with cocaine. There was sufficient evidence for the government to argue in its closing argument that the book contained a cryptic code and a message in the code that pertained to one of the co-conspirators as well as the names of other co-conspirators
 Defendant also argues, as she did before the District Court, that the present case is similar to United States v. Lasater, 535 F.2d 1041 (8th Cir.1976), in which the Eighth Circuit found that certain false testimony was not material to an issue before the court. The District Court found Lasater distinguishable because the perjured statements in that case did nothing to hide the truth with regard to the defendant under investigation by the Grand Jury whereas the perjury in the present case tended to disprove the government's theory that the writing in the notebook was evidence of the existence of a drug conspiracy. We agree that Lasater is distinguishable, and we therefore find the Eighth Circuit reasoning unpersuasive with respect to the case before us.
 
 
 [3]
 It appears that the court believed that this was required by U.S.S.G. Sec. 2X3.1, for the court stated:
 It says under the guidelines it says in no event shall it be over 30. You know, you take the offense level of the conspiracy of Mr. Lanxter's charges and that was the 32, okay. The guidelines say in no event will it be more than 30. That is where I started, at 30. Then I reduced it, as I have outlined here.... I know you think I am wrong that I should have started from 32.
 The issue of whether this was a correct application of Sec. 2X3.1 is not before this Court.