Elton Ray **BARNES**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 23793.

United States Court of Appeals Fifth Circuit.

May 9, 1967.

Gary Cole, Fort Worth, Tex., for appellant.

Robert S. Travis, Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Fort Worth, Tex., for appellee.

Before GEWIN, COLEMAN and GOLDBERG, Circuit Judges.

GEWIN, Circuit Judge:

Elton Ray Barnes was convicted in the United States District Court for the Northern District of Texas of perjury, 18 U.S.C. § 1621, in connection with his testimony in support of his motion for the suppression of evidence before the court in cause No. CR–4–241, United States v. Bunchie White and Elton Ray Barnes. From this judgment Barnes appeals.

Appellant was convicted in Cause No. CR–4–241 of breaking into a post office with intent to commit larceny, stealing from a mail receptacle, and the theft of a postal money order validating stamp in violation of 18 U.S.C. §§ 2115, 1708 and 642. The judgment of the district court was affirmed, 374 F.2d 126. Before trial in the above cause, appellant filed a motion for the suppression of certain evidence. In proceedings before the court outside the presence and hearing of the jury, appellant testified under oath in support of his motion. Appellant stated, in response to questions by his own attorney and on cross-examination and in response to questioning by the Judge, that when he was arrested and searched he did not have in his possession a money order or a gun. At this hearing one of the arresting officers, James N. Thorn, Jr., testified that his search of appellant at the time of his arrest disclosed a gun in his coat pocket and a money order in his shirt pocket.

Appellant was subsequently indicted for falsely stating material facts while under oath in violation of 18 U.S.C. § 1621. He was found guilty of perjury by jury verdict and sentenced to a term of five years.

The federal perjury statute [1] declares that if a person under oath wilfully states material facts which he knows to be false, he is guilty of perjury. Appellant contends that his conviction should be reversed on the grounds that his statements as to whether or not, at the time of his

---

1. 18 U.S.C. § 1621 provides:

    "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States."

arrest, he had in his possession a gun or money order were immaterial and that a portion of his testimony regarding his possession of a gun and money order found by the jury to be perjurous was not given under oath.[2]

As indicated, appellant's statements concerning the possession of a gun and money order were made at a hearing on appellant's motion for the suppression of evidence filed in Cause No. CR–4–241. The motion claimed that any confession obtained from appellant by state or federal officials was inadmissible because the admissions were obtained pursuant to an illegal arrest and detention and in violation of his right to counsel. The motion also claimed that evidence taken from the automobile in which appellant had allegedly been riding and from his motel room was obtained as a result of an illegal search and seizure in that no search warrant was issued. Although the motion contests the admissibility of certain specific evidence on various grounds, it specifically raises the question of whether appellant was illegally arrested; and by such an attack on the legality of his arrest, the motion raises the question of whether evidence obtained as a product of the arrest is admissible. Consequently, the court was presented with the precise issue of whether appellant's arrest was valid.

The hearing on the motion to suppress evidence was held outside the presence and the hearing of the jury. Three persons, appellant, Sergeant James N. Thorn, Jr., one of the arresting officers, and L. H. Powell, postal inspector, testified before the court. From their testimony the following facts, pertinent to appellant's arrest, were disclosed.

Sergeant Thorn had received information from persons in a grocery store and a restaurant in Bossier City, Louisiana, that a man had tried to cash a postal money order. Both had refused to cash the money order. They described the money order by number and amount and stated that it bore the name Don Smith and a Fort Worth address. They also gave a description of the individual who had tried to cash the money order, asserted that he was with another who wore a cowboy hat and that both were riding in a white Cadillac. In checking on the money order, Thorn discovered that numerous money orders had been stolen including the one described above. The description of the automobile was broadcast to state and city police officers and a white Cadillac was spotted by officers parked in front of the Dart Lounge in Bossier City. Thorn questioned the proprietor of the Dart Lounge and learned that a man fitting the description given earlier was in the lounge and that he had tried to cash a money order bearing the name Don Smith. Before the officers entered the lounge, the proprietor announced that the two men they were inquiring about were coming out. As the men, appellant and one Bunchie White, emerged, Thorn identified himself and asked appellant if he were Don Smith. Appellant replied no. It was observed that Barnes had his hand in his pocket. He was asked to remove it but he appeared to be reluctant to do so. He was requested a second time to remove his hand and finally did so. Thorn immediately searched his pocket and found a 22 caliber pistol. The pistol was loaded. Thorn arrested him for carrying a concealed weapon. Upon further search the postal money order payable to Don Smith was found in his left shirt pocket.

Appellant's testimony given at the hearing on the motion to suppress evidence which the jury found to be perjurous was as follows:

"Q. (Mr. Belew, appellant's counsel) When you were searched there on the parking lot, did they find any-

2. The appellant does not attack the jury's finding that his statements were false or its finding that the statements were knowingly and wilfully made. However, our reading of the record assures us that it contains ample evidence to support the jury's verdict.

thing on your person such as a money order, a gun, or anything else?

"A. No.

"Q. Not a thing on your person?

"A. (No audible answer).

"THE COURT: Now you will have to speak out. Shaking your head won't get it. The Court Reporter has to take down your answer. Answer out loud.

"A. I answered 'No' to that question.

"Q. When you were searched, you didn't have any money order?

"A. No.

"Q. You had no gun?

"A. No.

"Q. No pistol?

"A. No."

\* \* \* \* \* \*

"Q. (On cross-examination by Mr. Travis, opposing counsel) All right, when you were arrested there in the parking lot, did you have a gun on your person?

"A. No, sir.

"Q. Were you arrested by Policeman Thorn of the Bossier City Police Department?

"A. That was one of their names."

\* \* \* \* \* \*

"THE COURT: \* \* \* my recollection is that they asked you whether or not you had a pistol on that night. Don't you recollect that you were asked that while you were on the witness stand a while ago?

"Mr. Barnes: Yes.

"The Court: What was your answer to that?

"Mr. Barnes: I said, 'No.'

"The Court: Is that your answer now?

"Mr. Barnes: Yes, sir.

"The Court: All right, step down. Do you know what—do you fully realize the question now is whether or not you had a pistol that night when you were arrested. You realize that is what the question is, don't you?

"Mr. Barnes: Yes, sir.

"The Court: And what is your answer to it?

"Mr. Barnes: I did not.

"The Court: You heard Mr. Thorn testify here?

"Mr. Barnes: Yes, sir.

"The Court: You heard him say he took a pistol out of your pocket?

"Mr. Barnes: Yes, sir."

In order for the above testimony to qualify as perjurous, the statute requires such testimony to be material. The materiality of the testimony in issue is a question for the court in the first instance. Such evidence should not go to the jury if the court considers it immaterial. Hoover v. United States, 358 F.2d 87 (5 Cir. 1966); Harrell v. United States, 220 F.2d 516 (5 Cir. 1955); Dolan v. United States, 218 F.2d 454 (8 Cir. 1955). The test of materiality is "whether the false testimony was capable of influencing the tribunal on the issue before it." Blackmon v. United States, 108 F.2d 572, 573 (5 Cir. 1940). See United States v. Lattimore, 94 U.S. App.D.C. 268, 215 F.2d 847 (1954). In addition, "it is not necessary that the evidence given is material to the main issue; it is sufficient if it is material to any proper matter of inquiry." Blackmon v. United States, supra at page 574 of 108 F.2d. 3 Wharton, Criminal Law & Procedure, § 1309, 10, 11 (12th Ed. 1957); Annot., 62 A.L.R.2d 1027, 1031, (1958); Underhill's Criminal Evidence, § 736 (Niblack, 4th Ed. 1935). In light of the fact that a portion of appellant's testimony found to be perjurous was given on cross-examination, it is important to note that courts have stated as a general principle that "every question upon the cross-examination of a witness is said to be material." Harrell v. United States, supra at page 519 of 220 F.2d;

Blackmon v. United States, supra at page 574 of 108 F.2d.[3]

■ In view of the fact that one of the issues before the court was the question of the legality of appellant's arrest and detention, it cannot be said that testimony regarding the possession or non-possession of the gun or money order is immaterial.[4] Both items were intimately involved in the arrest and search of the appellant. In fact the legality of appellant's arrest and charge for carrying a concealed weapon depended entirely on whether he was in actual possession of a concealed gun at the time of his arrest. Therefore since the gun and money order constituted items relating to the very circumstances of appellant's arrest, they were material matters regarding a specific issue before the court, namely, the validity of appellant's arrest. Consequently, testimony with reference to the gun and money order was material within the meaning of the perjury statute.

■ The question of materiality was submitted to the jury. The jury was instructed that one of the essential elements of the offense of perjury is that the testimony in issue must relate to some material matter in the proceeding before the court. The judge described the proceeding, the hearing on motion to suppress evidence, and the issues which the motion presented to the court in such proceeding, the validity of the arrest and the admissibility of any evidence that might have been obtained by the officers during the arrest. Since the materiality of the testimony in issue is a question for the court, as we stated earlier in this opinion, the trial judge should have instructed the jury that the content of appellant's testimony was material as a matter of law. However, since the jury was instructed that they must find appellant's testimony concerning the

3. A full statement of the rule is set forth in *Blackmon* in the following language: "In Metcalf v. State, 8 Okl.Cr. 605, 129 P. 675, 680, 44 L.R.A.,N.S., 513, supra, it is said quoting Rahm v. State, 30 Tex.App. 310, 17 S.W. 416, 28 Am. St.Rep. 911, 'we think it may be laid down as the rule that any testimony, which is relevant in the trial of a given case, is so far material to the issue as to render a witness, who knowingly and willfully falsifies in giving it, guilty of the crime of perjury,' and from State v. Lavalley, 9 Mo. 834, 'it is not necessary that the evidence given is material to the main issue; it is sufficient if it is material to any proper matter of inquiry.' Again, 'it is generally held to be perjury to swear falsely to anything affecting the credibility of the witness himself or the credibility of another witness in the case.' 'Any false statement made by a witness, which detracts from or adds weight and force to testimony as to matters that are directly material * * * may constitute perjury * * *' and quoting from Greenleaf on Evidence, 'thus falsehood in the statement of collateral matter, not of substance, such as the day in an action of trespass, or the kind of stuff with which an assault was made, or the color of his clothes, or the like, may or may not be criminal, according as they may tend to give weight and force to other and material circumstances, or to give additional credit to the testimony of the witness himself, or of some other witness in the case. *And therefore every question upon the cross-examination of a witness is said to be material.*' (Italics supplied.) "If this were not so, a witness could on cross examination testify in the freest fashion and with impunity, to any fact he thought would strengthen or support his testimony in chief, if the matters testified to would have been inadmissible on direct, as independent evidence. "This should not be, it is not, the rule."

4. Appellant argues in his brief that his testimony was not material to the crime with which he had been charged and for which he was on trial, and therefore his conviction for perjury should be reversed. However, the issue before the court at the time appellant made his allegedly perjurous statements was not whether he was innocent or guilty of the offenses charged. The court was in session in order to hear testimony and rule on appellant's motion for the suppression of evidence. Consequently, the issues before the court were those raised by the motion. The motion raised issues as to the validity of appellant's arrest and the admissibility of various items of evidence.

gun and money order material to the question before the court in order to sustain the legal requirement of materiality, we hold that the appellant was not prejudiced. Hoover v. United States, 358 F.2d 87 (5 Cir. 1966).

■ Appellant submits that a portion of his testimony in support of his motion for the suppression of evidence found to be perjurous was not given under oath but was merely conversation between himself and the court. The portion to which appellant refers as being mere conversation as opposed to testimony under oaths are his statements in answer to questions by the court.[5] From our review of the record we conclude that all of appellant's statements at the hearing on his motion were made under oath.

The record shows that appellant was the first witness to appear and testify at the hearing. The Deputy District Clerk testified that prior to giving any testimony she administered to appellant the following oath: "Do you solemnly swear that the testimony that you are about to give now before the Court will be the truth, the whole truth, and nothing but the truth, so help you God?" The Clerk further stated that appellant's reply was "I do," or "I will." Appellant took the witness stand and in response to questions by his own counsel on direct examination and the prosecuting attorney on cross-examination he stated that when he was arrested he did not have a gun or money order on his person. Appellant was then dismissed from the witness stand.

Sergeant Thorn was called as the next witness. Thorn testified that he found a gun and money order on appellant. At the close of his testimony the judge asked appellant to "come around" and the appellant was seated in the witness chair, the same witness chair from which he had earlier given his testimony. The judge pointed out to appellant the discrepancies between his testimony and that of Officer Thorn and then again asked appellant whether he was in possession of a gun

and money order when arrested. The answer remained the same. The court requested appellant to step down.

There was no mention of an oath when appellant took the stand after Thorn's testimony nor was appellant reminded in any way that he was under oath. However, appellant was not told that the questioning by the judge was off the record nor was he informed that such questioning was not part of the proceedings then in progress. We therefore find that the record unequivocally shows that appellant was under oath during his direct examination, his cross-examination and when he resumed the witness stand at the close of Sergeant Thorn's testimony.

Having found that appellant's testimony concerned material matter before the court and that such testimony was given under oath, we affirm the judgment of the district court.

Judgment affirmed.

---

5. See the latter part of appellant's testimony set out earlier in the opinion.