**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George CULVERHOUSE, Defendant-Appellant.**

**No. 29345.**

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1971.

Rehearing Denied Feb. 4, 1971.

Joseph A. Varon, Hollywood, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, DYER, and RONEY, Circuit Judges.

PER CURIAM:

Appellant was convicted after a non-jury trial of perjury, Title 18 U.S.C.A., section 1621. The alleged perjury arose out of his testimony as a witness in the district court in the case of United States v. Baines, Criminal Action No. 67–175, United States District Court for the Southern District of Florida.[1]

There are three assignments of error. The first is that the testimony in question was immaterial in that if was not capable of influencing the tribunal on the issues before it. See Barnes v. United States, 5 Cir., 1967, 378 F.2d 646 at 649, for a statement on the rule on materiality. Secondly it is urged that the evidence was insufficient in any event to warrant the conviction. Lastly, it is said that the court committed error in denying a motion to suppress certain statements made by appellant to an agent of the Internal Revenue Service.

We have carefully considered the evidence. We cannot say that the testimony in question was not material on

1. The conviction of Baines was reversed by this court on grounds unrelated to this appeal. Baines v. United States, 5 Cir., 1970, 426 F.2d 833. Any question as to whether appellant's sentence should be reduced or modified in light of the further proceedings or .disposition of the Baines case should be addressed to the discretion of the sentencing court under Rule 35, Federal Rules of Criminal Procedure.

the issue of whether the taxpayer in the Baines case, supra, wilfully failed to pay cabaret taxes due under Title 26 U.S.C. A., section 4231(6), as charged in Count IV of the Baines indictment. The defense theory was that the cabaret was closed for remodeling for a substantial period during the quarter in question; hence only a small amount of tax was due. Appellant's testimony was in support of this theory.

■ As to the sufficiency of the evidence, although there was evidence to the contrary, the evidence was ample to warrant the conviction on the basis that the appellant's testimony as to the remodeling being done at the cabaret was false.

■ The ruling on the motion to suppress was correct. Appellant was not in custody when the statements were made within the concept of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, as it applies to custodial interrogation. See Posey v. United States, 5 Cir., 1969, 416 F.2d 545, 549–550; Evans v. United States, 5 Cir., 1967, 377 F.2d 535, 536.

Affirmed.