**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John WESSON, Defendant-Appellant.**

**No. 72–1767.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 15, 1973.

Decided May 3, 1973.

Rehearing Denied May 24, 1973.

F. Laurence Anderson, Jr., and Alton L. Gill, Jr., Gary, Ind., for defendant-appellant.

William C. Lee, U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before PELL and SPRECHER, Circuit Judges, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

Following a jury trial in the Northern District of Indiana, the defendant John Wesson was convicted of perjury before a grand jury in violation of 18 U.S.C. § 1621. Defendant appeals, raising four grounds of claimed error. We affirm.

■ The defendant first maintains that the questions asked of him during his appearance before the grand jury did not constitute "material matter" in the federal grand jury proceedings described in the indictment. Under the perjury statute involved here, the materiality of the defendant's statements before the grand jury is an indispensable element of the offense of perjury, but the issue is for the court to decide as a matter of law. United States v. Parker, 244 F.2d 943, 951 (7th Cir. 1957).

At the time of the defendant's appearance before the grand jury, the tribunal was investigating possible violations of 18 U.S.C. § 1955, a statute which prohibits the operation of illegal gambling businesses. Although that statute did not become effective until 1970, the questions propounded the defendant dealt with his conduct during the year 1968. Thus, the defendant argues that the questions were not material to the grand jury's proceedings.

■ The test of a question's materiality is its tendency or capacity to influence a grand jury in its investigation. See United States v. Lococo, 450 F.2d 1196, 1197 (9th Cir. 1971).

■■ Thus, if a false utterance potentially interferes with the grand jury's line of inquiry, materiality is thereby established even though the perjured testimony does not actually impede the investigations. Vitello v. United States, 425 F.2d 416, 424 (9th Cir. 1970); United States v. Henderson, 185 F.2d 189, 191 (7th Cir. 1951). Moreover, false testimony is material if it relates to any subsidiary issue properly under consideration by the grand jury even though it may not be directly connected to the primary subject of investigation. United States v. Lococo, 450 F.2d 1196, 1199 (9th Cir. 1971); United States v. Stone, 429 F.2d 138, 140 (2nd Cir. 1970); Barnes v. United States, 378 F.2d 646, 649 (5th Cir. 1967).

Although the questions here concern the defendant's conduct prior to the effective date of the statute which was the subject of the grand jury's investigation, it can scarcely be doubted that activities violative of the statute might have commenced prior to its effective date and continued thereafter. The questions asked of the defendant specifically concerned his connection with two individuals who were suspected of operating a policy wheel in Gary, Indiana. During June of 1968, two newspaper reporters had observed the defendant, who was then a sergeant in the Gary Police Department, parked in a private vehicle across.the street from an address where a policy wheel was being conducted. At the time the reporters observed two sus-

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

pected gamblers pass by the defendant's vehicle in another automobile and sound their horn. According to the reporters' testimony, the defendant then followed the other vehicle for a period of time until both pulled to the side of the road. The testimony of the reporters before the grand jury further reveals that one of the suspected gamblers then departed from his automobile and walked towards the defendant's vehicle. Discounting minor variances in their testimony, both reporters stated that one of the suspected gamblers then passed an envelope or other similar object to the defendant. When the defendant was called before the grand jury he was asked whether he had received a package or any other object from the suspected gambler at that time. He specifically denied receiving any package or other object from the suspected gambler.

On this evidence, we conclude that the district judge properly determined that the questions propounded the defendant Wesson were material to the grand jury's investigation which dealt with the scope of gambling operations in and around northwest Indiana. The defendant's connection with the two suspected gamblers, and the contents of the package or envelope transferred to the defendant in June of 1968, could well have furthered the grand jury's legitimate inquiry into possible violations of 18 U.S.C. § 1955.

The defendant also asserts that his testimony before the grand jury was not proven to be false by the government. In this regard, he claims that there was no testimony at the trial that he received any "package" from the two suspected gamblers on the occasion in question. While testifying at the trial, one of the reporters described the object that was passed to the defendant as an "envelope". An envelope can certainly be considered a type of package. Moreover, the indictment charges that the defendant testified falsely before the grand jury when he denied receiving a "package" or any other object from the

two individuals on the particular occasion. The testimony of the two reporters at trial directly contradicts the testimony of the defendant before the grand jury. Viewing the evidence in a light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680 (1942), there is sufficient evidence in the record from which the jury could properly conclude that the defendant's testimony before the grand jury was false.

It is also asserted by the defendant that remarks and comments of the trial judge as well as the prosecutor were prejudicial and deprived him of a fair trial. The judge's comments occurred during the cross examination of witness Robert W. McClure, one of the two newspaper reporters. Although the defendant complains that the remarks restricted his cross examination of the witness, the record belies this contention. The judge merely requested that defendant's counsel avoid repetition, and that he use the witness's prior testimony only if it was impeaching. At one point, the judge observed that certain prior testimony was not impeaching and that the defendant's counsel should "get to" the impeaching material. On the record, we conclude that the judge's remarks were not prejudicial inasmuch as great latitude was permitted on cross examination and also since the jury was clearly instructed that a witness's credibility was for it to determine. The allegedly prejudicial comment of the prosecutor was not objected to and thus will not be considered here except to observe that it was entirely consistent with the evidence at trial.

Finally, the defendant maintains that the district judge erred in overruling his objections to certain portions of the government's cross examination of the defendant's witnesses. The two witnesses were identified as the "suspected gamblers" from whom the defendant had allegedly received the package or other object on the date in question. The witnesses, on direct examina-

tion, had denied delivering any object to the defendant on that date. The cross examination objected to dealt with the witnesses' occupations and activities on the same date. It was objected to as being beyond the scope of direct examination. Inasmuch as the scope of cross examination is committed to the discretion of the trial judge, we perceive no error in this regard. United States v. Carzoli, 447 F.2d 774 (7th Cir. 1971); United States v. Ruehrup, 333 F.2d 641 (7th Cir. 1964).

For the reasons given, the judgment of conviction is affirmed.