**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ulysses GIBSON, Defendant-Appellant.**

No. 71-1193
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 20, 1972.

---

\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

After rejecting two court-appointed attorneys and electing to represent himself, Ulysses Gibson was convicted of passing three forged postal money orders with intent to defraud in violation of 18 U.S.C.A. § 500. On this direct appeal he contends that (i) his Federal arrest warrant was not supported by an affidavit or complaint establishing probable cause, (ii) he was denied counsel during an impermissibly suggestive photographic identification proceeding conducted by a U.S. postal inspector, (iii) he was tried by an unsworn jury, (iv) he was denied effective assistance of counsel and the right to confront and cross-examine witnesses, (v) the Trial Court erroneously admitted illegally seized evidence and prejudicial hearsay, and (vi) there was no evidence to support the jury's verdict. Finding all of these allegations to be without merit, we affirm.

On the afternoon of March 6, 1970 the defendant attempted to cash a money order at Tubbs Red and White Grocery in Montgomery, Alabama. Discovering that the money order's serial numbers appeared on a list of money orders stolen several nights earlier in a burglary of a post office contract station,[1] the assistant manager turned it over to a city police officer who was on duty in the store. As the officer was telephoning for assistance the defendant told him to "just tear it up, just forget about it" and then attempted to snatch it from his hand. The officer immediately placed Gibson under arrest, an altercation developed, and the defendant ran out the front door. Following a brief struggle he was recaptured outside, handcuffed, and transported by patrol car to the Montgomery City Jail. Mechanics who subsequently worked on this vehicle at the police garage discovered 21 of the stolen money orders behind the rear seat.

Ulysses Gibson, pro se.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

1. We have previously affirmed the defendant's conviction for breaking into the post office. United States v. Gibson, 5 Cir., 1971, 444 F.2d 275.

Other evidence at the trial established that the defendant had earlier requested the secretary of a local attorney to type an address on an Alabama driver's license bearing the name of Willie Gene White. At that time the secretary noticed some money orders protruding out of his back pocket. An employee of the Mercantile Paper Company testified that Gibson had purchased the rubber stamp that was used to print the amount payable on the blank money orders, while employees of two other stores testified that they had cashed similar forged money orders for the defendant after he had identified himself as Willie Gene White. He was positively identified at trial by five eyewitnesses, and the driver's license was in his possession at the time of his arrest.

■ Postal inspectors are authorized by statute to "make arrests without warrant for felonies cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such a felony." 18 U. S.C.A. § 3061(a) (3). Since "reasonable grounds" in this context is equivalent to "probable cause,"[2] it follows that Gibson's arrest was legal—regardless of the validity or invalidity of the warrant later secured from a U.S. Magistrate—if the postal inspector who arrived with local police at the grocery store and who subsequently arranged for the defendant's transfer from State to Federal custody was in possession of knowledge constituting a reasonable basis for belief of guilt. Beck v. Ohio, 1964, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145; Brinegar v. United States, 1949, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890; United States v. Wysocki, 5 Cir., 1972, 457 F.2d 1155 and cases cited therein. Since the defendant was captured in the act of committing the offense, the arrest was obviously legal.

■ The record reveals that the five eyewitnesses were shown a series of eight photographs depicting eight Negro males of approximately the same build and age, with similar hair styles and mustaches. They viewed the pictures individually and were not permitted to look at the identifying notations on the back of them. The defendant's picture was never placed on top of the stack when it was handed to the witness. We conclude that the procedure utilized was not impermissibly suggestive and did not give rise to a substantial likelihood of irreparable in-court misidentification. Simmons v. United States, 1968, 390 U. S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; United States v. Sutherland, 5 Cir., 1970, 428 F.2d 1152. Gibson's assertion that he was entitled to have counsel present has been rejected in United States v. Ballard, 5 Cir., 1970, 423 F.2d 127.

From the record it is clear that all prospective jurors for the term of court commencing on November 23, 1970 in the Middle District of Alabama were sworn together on the day before the defendant's trial began. Likewise it is plain that Gibson was permitted more than a reasonable opportunity to question witnesses and to present the best defense possible under the circumstances. His claims regarding the alleged incompetence of the court-appointed counsel he dismissed are without foundation, as is the argument that illegally seized evidence and hearsay were used to convict him.

Finally, we reject the assertion that the proof was insufficient. This is not simply a case which meets the standard prescribed by Glasser v. United States, 1944, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. The evidence of the defendant's guilt was overwhelming and virtually conclusive.

Affirmed.

2. Draper v. United States, 1958, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.