**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Oscar Pequeno De LEON, Defendant-Appellant.**

**No. 72-2536.**

United States Court of Appeals, Fifth Circuit.

March 2, 1973.

Rehearing Denied April 23, 1973.

Richard G. Morales, Jr., Laredo, Tex., Alan Brown, San Antonio, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Anthony C. Aguilar, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before ALDRICH*, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

De Leon was convicted of possession of heroin with intent to distribute, in violation of Title 21, U.S.Code, Section 841(a)(1). We affirmed, United States of America v. De Leon, 5 Cir. 1972, 462 F.2d 170.

During that trial De Leon took the witness stand in his own behalf. He testified that with a friend from San Antonio, where he also resided, he had made a trip in the friend's vehicle to Laredo, Texas, and the over the border city of Nuevo Laredo, Mexico, to visit the bars and houses of prostitution in the Mexican city. The trip was made at the defendant's suggestion and at his expense. He stated that he and his friend became separated. When the friend failed to appear De Leon thought that he was left without transportation home to San Antonio. He testified that he told some newly found friends in a Nuevo Laredo bar of his predicament, and they offered him the use of an extra car which they had for him to drive back to San Antonio. It was De Leon's testimony that the vehicle thus furnished was the Pontiac in which he was arrested a short time later, that he had never seen it before this day and that he was unaware of the fact that there were any narcotics present in the vehicle when he was stopped at the border patrol checkpoint some eight to ten miles north of Laredo, Texas.

This reasonably plausible testimony, if unchallenged, might well have been accepted by the jury. But in rebuttal the government offered the testimony of a Texas State Highway Patrolman who had arrested the defendant a week before, en route to Laredo, in the same Pontiac car as the one he was driving on the occasion of the arrest. The traffic ticket issued to the defendant by the officer bore De Leon's signature as well as his name and the description by make, model and color and license plate number of the vehicle. A copy of the traffic ticket was found in the glove compartment of the Pontiac at the time of the arrest.

The defendant was indicted, tried and convicted of perjury, Title 18, U.S.Code, Section 1621, for the giving of this testimony. This appeal followed.

■ Appellant's first contention on appeal is that the falsity of his testimony as to never having seen the car before the day of his arrest was not corroborated, or not sufficiently corroborated. The longstanding rule is of course that perjury may be proved by two witnesses or by one witness and cor-

* Hon. Bailey Aldirch, Senior Circuit Judge of the First Circuit, sitting by. designation.

roborating evidence. McWhorter v. United States, 5 Cir. 1952, 193 F.2d 982; Hug v. United States, 6 Cir. 1964, 329 F.2d 475; United States v. Manfredonia, 2 Cir. 1969, 414 F.2d 760; Gebhard v. United States, 9 Cir. 1970, 422 F.2d 281.

The government relies upon the traffic summons found in the car at the time of the arrest and the Highway Patrolman's testimony as to the circumstances surrounding its issuance and the date thereof as sufficient corroboration.[1]

The appellant relies upon United States v. Rose, 3 Cir. 1954, 215 F.2d 617, and United States v. Freedman, 2 Cir. 1971, 445 F.2d 1220, for his contention that the traffic ticket would not amount to sufficient corroboration because it was given to De Leon by the witness himself. We do not read these decisions as holding that the independent corroboration may not be tied in any way to the testimony of the original witness, nor do we find them apposite on the facts.

■ We agree with the government that the warning ticket would, standing alone, refute the perjured statement. The ticket contained an accurate description of the car, its license number and the date of the arrest as well as the defendant's signature. Most important was the independent source from which the warning ticket originated. It was found in the vehicle in the defendant's possession at the time of his arrest. We hold that independent corroboration of the arresting Highway Patrolman's testimony was present in this case.

■ The defendant makes a second point that the court below erroneously admitted in evidence the record of the previous narcotics trial, contending that although his counsel stipulated to the ac-

curacy of the transcript there was no stipulation as to its admissibility. He cites Harrell v. United States, 5 Cir. 1955, 220 F.2d 516, a perjury case, as holding that although it was proper under the circumstances there to admit the transcript of a previous trial, "the admission of testimony taken at the former trial may introduce into the trial of the perjury charges highly prejudicial evidence tending to show the commission of other crimes." He then argues on brief and orally that he was prejudiced here because the transcript showed that he was convicted of the narcotics offense at the former trial. The trouble with the appellant's position is that this point, whatever it is worth, was not preserved for review by appropriate objection in the trial court. At the commencement of the trial when the prosecuting attorney was given leave by the court to read the indictment to the jury, defense counsel made the following objection:

"Mr. Brown: Your Honor, if it please the court, on this indictment, we object to reading the particulars of the other offense in that this might prejudice the jury in the case at bar, and we think that it should only be read—there was a case against the United States but not specifically being a narcotics violation.

The Court: I think it comes a little late as to the form of the indictment. You told me this morning that you are going to offer the entire record in the case. I don't see where it will make any difference."

This oblique reference was not, in our judgment, sufficient to present the trial court with an opportunity to limit the use of the transcript of the prior trial in any way. The imprecision with which

1. The materiality of the perjured testimony given by De Leon, Blackmon v. United States, 5 Cir. 1940, 108 F.2d 572, could hardly be questioned. He was found in actual possession and his only feasible defense would be that the Pontiac was not his and had been loaned to him, and thus that he had no knowledge of the heroin concealed in the car. His testimony that he had never seen the car before met this Court's test for materiality. *Blackmon*, supra.

the objection was made and the uncertainty of its purpose required elaboration after the response of the court quoted supra. Failing such elaboration, we are disinclined to attribute error to the trial judge in this respect, assuming *arguendo* that properly preserved the point would have been meritorious. Allis v. United States, 1894, 155 U.S. 117, 122, 15 S.Ct. 36, 39 L.Ed. 91.

Immediately thereafter, following opening statements by the government

and defense counsel, the government attorney, as first in his order of proof, read before the jury without objection counsel's stipulation for the admission of a copy of the indictment and a certified copy of the transcript of the prior trial.[2]

Error is not demonstrated in either of the respects claimed. The judgment below is

Affirmed.

2. The stipulation as read by government counsel was as follows:

"Now comes the government, by and through its counsel of record in the above cause, Anthony C. Aguilar, joined by counsel for the defendant, Alan Brown, and the defendant, Oscar Pequeno De Leon, personally, and moves the court to accept the following stipulation in evidence and that the stipulation in all particulars is true and correct.

"(1) That on or about September 27, 1971, the Federal Grand Jury for the Laredo Division of the Southern District of Texas, returned an indictment which was filed under criminal number 71–L–910, and was entitled United States of America versus Oscar Pequeno De Leon. The indictment charged that Oscar Pequeno De Leon unlawfully, knowingly, and intentionally possessed with intent to distribute approximately fifty-one ounces of heroin hydrochloride, in violation of Title 21, United States Code, Section 841(a)(1), and that Oscar Pequeno De Leon did unlawfully, knowingly, and intentionally import into the United States approximately fifty-one ounces of heroin hydrochloride, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1), and that Oscar Pequeno De Leon did unlawfully, knowingly, and intentionally import into the United States approximately fifty-one ounces of heroin hydrochloride without having in effect a registration issued in his name in violation of Title 21, United States Code, Sections 957(a)(1) and 960 (a)(1).

"(2) That on November 10, 1971, the said case of United States of America versus Oscar Pequeno De Leon criminal

number 71–L–910, was called by the United States District Court for trial and sworn testimony and other evidence was presented by the parties before the Honorable Ben C. Connally and a petit jury. At such time, the United States District Court for the Southern District of Texas, Laredo Division, was a tribunal, competent to hear said case, and the case was one in which the laws of the United States authorized an oath to be administered.

"(3) That at the trial of the case of United States of America versus Oscar Pequeno De Leon, criminal number 71–L–910, Oscar Pequeno De Leon, represented by counsel, elected to testify as a witness in his own behalf, under oath and after duly taking an oath to tell the truth, such oath having been administered by the Deputy United States Clerk, a person duly authorized to administer said oath, did testify in his own behalf.

"(4) That the transcript of the testimony of the witnesses under oath in criminal action number 71–L–910 is a full and complete transcript of testimony adduced during trial commencing November 10, 1971, before the United States District Court for the Southern District of Texas, Laredo Division, the Honorable Ben C. Connally presiding.

"We, the undersigned, have read, understand, and agree to the foregoing stipulation." and it is signed by myself, counsel for the defendant and by the defendant personally.

The Court: That is agreeable to you, Mr. Brown, and the defendant personally?

Mr. Brown: Yes, it is.