**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jim Ed WALKER, Defendant-Appellant.**

**No. 73-3792**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 26, 1974.

Rehearing Denied Aug. 16, 1974.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

B. Reagan McLemore, III, Longview, Tex. (Court-appointed), for defendant-appellant.

Roby Hadden, U. S. Atty., H. Kelly Ireland, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before BROWN. Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Jim Ed Walker and Francis Eugene Carpenter were indicted together in a six-count indictment arising from the theft of property from an interstate shipment. They were tried together before a jury. Walker was found guilty on one count charging knowing posses-

sion of goods having a value in excess of $100, knowing them to have been stolen from an interstate shipment, in violation of 18 U.S.C. § 659; he was found not guilty of conspiracy to commit the theft, in violation of 18 U.S.C. §§ 659, 371. Carpenter was found guilty on each of the five counts in which he was charged. A joint appeal was taken, but the appeal as to Carpenter was dismissed on his own motion. Walker raises five issues for our consideration. Finding each of them to be without merit, we affirm his conviction.

■ First, Walker contends that the trial court erred in denying his motion to sever the possession count against him from the remainder of the indictment. The evidence contained in the record, however, shows sufficient connection between the substantive possession count charged against Walker and the offenses charged in the other counts of the indictment against him and Carpenter. See Fed.R.Crim.P. 8; Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); United States v. Pacheco, 5 Cir., 1974, 489 F.2d 554, 559–560; Ingram v. United States, 4 Cir., 1959, 272 F.2d 567, 570. The district court, moreover, did not abuse its discretion by refusing to grant a severance on the ground of prejudicial joinder under Fed.R.Crim.P. 14. See United States v. Green, 5 Cir., 1974, 494 F.2d 820, 828; Tillman v. United States, 5 Cir., 1969, 406 F.2d 930, 933–935, vacated as to one defendant on other grounds, cert. denied as to other defendants, 395 U.S. 830, 89 S.Ct. 2143, 23 L. Ed.2d 742.

■ Walker's second contention is that the evidence in the record is insufficient to sustain the jury's verdict of guilty as to the possession count. We disagree. The jury was presented with ample evidence from which it could conclude that Walker was in possession of stolen merchandise valued at more than $100, knowing it to have been stolen. See Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680;

United States v. Green, *supra*, at 824–825.

■ Walker next argues that the trial court abused its discretion by allowing the Government to cross-examine Walker as to his prior felony conviction. The Government's inquiry, however, was for the purpose of impeachment, and the jury was instructed that the inquiry might be considered only to the extent it affected the credibility of Walker as a witness. In this context, the inquiry was appropriate. See Hayes v. United States, 5 Cir., 1969, 407 F.2d 189, 193–194, cert. dismissed, 395 U.S. 972, 89 S. Ct. 2133, 23 L.Ed.2d 777; Whalen v. United States, 5 Cir., 1966, 367 F.2d 468, 470.

■■ Walker's fourth contention is that the trial court erred in admitting testimony by a Government agent as to an attempted sale of other merchandise from the same interstate shipment that was the subject of the indictment. The attempted sale took place on a date subsequent to the possession offense of which Walker was convicted. The event was alleged as one of the overt acts pertaining to the conspiracy. Evidence of other crimes with which a defendant is not charged is admissible to establish essential elements of the crimes charged, to show a single scheme or common pattern of illegal conduct. See United States v. Bryant, 5 Cir., 1974, 490 F.2d 1372, 1377; United States v. Marine, 7 Cir., 1969, 413 F.2d 214, 216–217, cert. denied, 396 U.S. 1001, 90 S.Ct. 550, 24 L.Ed.2d 493 (1970). The testimony of the Government agent was admissible because it showed that Walker knew that the merchandise he possessed was stolen. See Turner v. United States, 6 Cir., 1970, 426 F.2d 480, 483–484, cert. denied, 402 U.S. 982, 91 S.Ct. 1646, 29 L.Ed.2d 148 (1971).

■ Walker's final contention is that the trial court was not justified in sentencing Walker to confinement for a period of five years. The prescribed range of punishment for Walker's crime is a fine of not more than $5,000 and/or

imprisonment of not more than ten years. 18 U.S.C. § 659. Under the facts and circumstances of this case, we cannot say that the trial court abused its broad discretion in sentencing Walker to five years' imprisonment. *See* United States v. McGhee, 5 Cir., 1974, 488 F.2d 781, 786; White v. United States, 5 Cir., 1964, 330 F.2d 993; 2 C. Wright, Federal Practice and Procedure § 526, at 407 (1969, Supp.1973); Fed. R.Crim.P. 35.

We have considered all of Walker's contentions and find them to be without merit.

Affirmed.