**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Allen O'Donald NASH, Defendant-Appellant.**

**No. 76–4221.**

United States Court of Appeals, Fifth Circuit.

Nov. 28, 1977.

See also, D.C., 414 F.Supp. 1213.

Roland E. Dahlin, II, Federal Public Defender, Mike DeGeurin, Karen K. Friedman, Asst. Federal Public Defenders, Houston, Tex., for defendant-appellant.

James R. Gough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Carl A. Walker, Jr., John M. Potter, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG and MORGAN, Circuit Judges, and WYZANSKI, District Judge.*

LEWIS R. MORGAN, Circuit Judge:

The issue in this case is the admissibility of an oral confession made by appellant to an FBI agent without the benefit of the *Miranda* warnings. Because the appellant was in custody and the investigation had focused on him the failure to administer the *Miranda* warnings requires exclusion of the confession and reversal of the conviction.

Appellant was convicted of the federal offense of bank theft, 18 U.S.C. § 2113, for absconding with $340 in coin from the bank in which he worked as a janitor. The day after appellant began work for the bank the loss of money in the form of rolls of coins was noticed by bank officials. After the FBI was notified and an investigation begun, Agent Schreck learned that appellant and two other cleaning personnel were the last persons in the area where the money was left. After interviewing the others, Agent Schreck discovered that appellant was the last person having the opportunity

* Senior Judge for the District of Massachusetts, sitting by designation.

to take the money. The agent then interviewed the appellant, alone, in the security office of the bank. The door to the office was closed throughout the interview. During the interview Agent Schreck received a telephone call informing him that the appellant had exchanged rolls of coins for ౽ash earlier in the day. After the appellant was confronted with this transaction, the appellant admitted the theft. It was only then that the agent identified himself as a law enforcement officer and administered the *Miranda* warnings. Appellant then signed a waiver of the *Miranda* rights and readmitted the theft embellishing the initial confession.

■ The sole issue in this case is whether the failure to give the *Miranda* warnings requires the confession to be excluded. Thus, the question becomes whether appellant was entitled to the *Miranda* warnings prior to his initial confession. The trigger for the requirement of the warnings is the occurrence of a custodial investigation. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This court, although not expounding a definitive test, has identified factors significant to the determination of the existence of a custodial interrogation: (1) probable cause to arrest, (2) subjective intent of the police to hold the suspect, (3) subjective belief of the defendant as to the status of his freedom and (4) whether the investigation has focused on the suspect. *Alberti v. Estelle*, 524 F.2d 1265, 1267 (5th Cir. 1975), cert. denied, 426 U.S. 954, 96 S.Ct. 3181, 49 L.Ed.2d 1193 (1976); *United States v. Carollo*, 507 F.2d 50, 52 (5th Cir. 1975), cert. denied, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 105 (1976); *Brown v. Beto*, 468 F.2d 1284, 1286 (5th Cir. 1972).

■ Applying these factors to the case at bar results in the inescapable conclusion that the interrogation was custodial. At the time of the confession the agent knew: (1) appellant was the person with the best opportunity to have committed the theft, (2) the appellant had left the bank, without authorization, on the night of the theft, (3) appellant had lied about such authorization, (4) the receptacle containing the money had been forced open and appellant had a tool capable of accomplishing the forcing, and (5) on the day after the theft (the day of the interrogation) appellant had exchanged a large sum of coins for cash. The FBI agent, therefore, had probable cause to arrest appellant prior to the confession.

■ Although the court below found that the agent did not intend to detain the appellant, the facts belie that position. The investigation occurred in a security office. The door was closed behind the appellant. The agent testified that he was not aware whether or not the door was locked. The agent neglected to inform appellant of his right to leave until after the confession was elicited. Based upon these objective facts the agent intended that the interrogation be custodial.

The court below also found that appellant did not subjectively believe that his freedom was curtailed. An examination of the record reveals otherwise, however. Even though the appellant did not know the precise character of his interrogator, he did believe the agent to be a police officer. Additionally, because he was taken to the interrogation by his bank supervisor, interrogated for more than 45 minutes in a closed security office, and not informed of his right to leave, a belief that he was under some sort of constraint would be entirely reasonable. Therefore, the evidence and surrounding circumstances demonstrate that the appellant believed himself to be in custody.

Finally, as the court found below, the interrogation had focused on the appellant prior to the confession. As discussed *supra*, the agent possessed a good deal of information connecting appellant with the theft. The phone call apprising the agent of appellant's possession of rolls of coins must have provided the agent with the proverbial smoking gun.

■ Accordingly, we hold that appellant was undergoing a custodial interrogation and, therefore, should have had the benefit of the *Miranda* warnings. The ini-

tial confession was thereby tainted. The immediate giving of the warnings and the subsequent repeated confession could not remove that taint. *Gilpin v. United States*, 415 F.2d 638 (5th Cir. 1969). The two confessions were so closely related both in time and in circumstance that they were one and the same. Accordingly, the confession should have been excluded. Additionally, because there was insufficient evidence in addition to the confession, the error was not harmless and, therefore, we reverse.

REVERSED.