**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jessie Lee BLACKSHEAR,**
**Defendant-Appellant.**

**No. 77–5178**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

March 1, 1978.

William L. Kirby, II, Columbus, Ga. (Court-appointed), for defendant-appellant.

D. L. Rampey, Jr., U. S. Atty., Richard E. Nettum, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Blackshear appeals from his conviction for conspiracy to steal government property, theft of government property, and transportation of that stolen property in interstate commerce in violation of 18 U.S.C. §§ 371, 641, and 2314. On appeal the only assignment of error is that the court allowed the government, over defense objections, to elicit from Blackshear that he had been convicted of a felony seventeen days before the trial in this case. Blackshear took the stand to present his alibi defense that he had been in another state at the time of the robbery. On cross-examination the trial court permitted the government to ask if Blackshear had a prior felony conviction, in an attempt to impeach his credibility. After Blackshear acknowledged that he had one previous felony conviction, neither the government nor the defense inquired into the nature of the crime. The judge instructed the jury that it could consider Blackshear's prior felony conviction only "insofar as it affects the credibility of the defendant as a witness." He further charged the jury that it was not to consider the conviction as evidence of his guilt in this case. The defense did not object to the charge.

Evidence of a defendant's prior felony convictions is admissible for impeachment purposes under Rule 609 of the Federal Rules of Evidence. This rule sets limits. Rule 609(a) provides that if the conviction does not involve dishonesty or false statement, it must be punishable by death or imprisonment in excess of one year and the court must weigh probity against prejudice. Rule 609(b) requires the conviction to be within the past 10 years unless probity substantially outweighs prejudice. Here, by the will of the prosecution and defense, there was only the disclosure of a "felony" conviction.

When this line of cross-examination questioning began with, "Mr. Blackshear, have you ever before been convicted of a felo-ny?," counsel for defendant stated, "Objection. This is totally irrelevant to the case at hand." This general objection was overruled. The prosecution then elicited the fact that on February 11, 1977, Blackshear had been convicted of "a felony." When the prosecutor specified that he was inquiring as to conviction of a crime which carried a penalty of more than one year of imprisonment rather than a misdemeanor, defense counsel stated, "I have to object to this. In the first place, he is misleading the witness by an incorrect definition of a misdemeanor." The court overruled this objection also. No further questions were asked on this subject.

No specific objection was ever made to the lack of compliance with the requirement of Rule 609(a) for a weighing of probity against prejudice. Moreover, no error is assigned on the present appeal because of such noncompliance with Rule 609. Rather, the brief for appellant argues that it is improper to offer proof of a prior conviction unless the defendant puts his character in issue.

■ This court has held that if a defendant takes the stand his credibility is subject to impeachment by use of a prior felony conviction. *United States v. Rodriguez-Hernandez,* 493 F.2d 168, 170–71 (5th Cir. 1974), *cert. denied,* 422 U.S. 1056, 95 S.Ct. 2678, 45 L.Ed.2d 708 (1975). Under the circumstances presented by this record there was no abuse of the trial court's discretion in admitting the evidence over the only objections made by defense counsel, particularly in view of the cautionary instructions by the court. *United States v. Walker,* 497 F.2d 1050, 1052 (5th Cir.), *cert. denied,* 419 U.S. 1037, 95 S.Ct. 524, 42 L.Ed.2d 314 (1974).

■ Furthermore, we are not free to construct a Rule 609 violation argument for the defendant because the issue was not made and preserved in the trial court as required by Rule 103 of the Federal Rules of Evidence. Rule 103(a) bars any appeal predicated on a ruling admitting evidence which is not the subject of a timely, specific ground of objection stated in the record

unless the ruling amounts to plain error. *See United States v. Garcia,* 531 F.2d 1303, 1307 (5th Cir.), *cert. denied,* 429 U.S. 941, 97 S.Ct. 359, 50 L.Ed.2d 311 (1976); *United States v. DeLeon,* 474 F.2d 790, 792–93 (5th Cir.), *cert. denied,* 414 U.S. 853, 94 S.Ct. 148, 38 L.Ed.2d 102 (1973). *See also* 21 Wright & Graham, Federal Practice and Procedure § 5036 (1977). Here, the record clearly suggests that defense counsel made a deliberate tactical choice to leave the precise offense involved in the recent conviction to speculation. He cannot now cause this court to invoke for him a Rule 609 procedure when he never articulated an objection to the lack of such a procedure in trial court.

AFFIRMED.