UNITED STATES of America,
Plaintiff-Appellee,

v.

Justine H. ROBERSON,
Defendant-Appellant.

No. 80–2029
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 7, 1981.
Rehearing Denied Aug. 24, 1981.

Byron L. McClellan, Jr., Copperas Cove, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before John R. BROWN, POLITZ and TATE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Appellant, Justine H. Roberson, an employee of the United States Postal Service, was convicted of mail theft in violation of 18 U.S.C.A. § 1709 and sentenced to one year. She appeals this conviction alleging an unlawful arrest and subsequent illegal search as well as an *improper* voir dire instruction on the elements of proof. Finding that all three grounds of error constitute "dead letters," we cannot deliver a reversal.

### The Plant

In May 1980, Roberson was employed as a mail carrier for the Post Office located at Copperas Cove, Texas, which became the target of a departmental investigation following a series of customer complaints about lost mail. To ferret out the possible source of the security problem, Postal Inspectors prepared three easily identifiable "test letters" resembling envelopes typically used for consumer cash refunds. After addressing the letters with fictitious names and bogus addresses, the Postal Inspectors planted the "test letters" into the Copperas Cove Post Office mail scheduled to be delivered the following day.

The next morning on May 14, 1980, Roberson reported for work and began sorting the day's mail, including the three "test letters" as well as product samples of extra-dry deodorant. During a "loose surveillance" of Roberson on her mail route, the Inspectors observed that she skipped deliveries of the free product samples among some of the addresses. When she completed her route at approximately 2 p.m., she returned to the Post Office parking lot where she was observed removing a box from the Government mail jeep to her personal vehicle. The Inspectors were able to observe through the windows of her vehicle that the box contained the undelivered deodorant samples. The Inspectors then looked for the three "test letters" in the Post Office "dead letter" box, where Roberson should have placed them upon her return. However, their search yielded nothing. At 4 p.m., Roberson left work and went to her car. As the Inspectors approached the car, they witnessed Roberson tearing into one of the test letters which she immediately attempted to cram back inside her purse when the Inspectors identified themselves. At trial, the Inspectors testified that when she stepped from the car they had a full view of all three "test letters" in her purse. The letters and box of deodorant samples were removed from the vehicle and Roberson was escorted into the Post Office. Once inside, Roberson was given her *Miranda* warnings which she acknowledged in writing and verbally agreed to waive those rights. After questioning, she was released until about one month later when she was taken into custody pursuant to an indictment. Prior to trial, Roberson's motion to suppress the items seized from her purse and vehicle, and her statement admitting the theft at the time of the initial questioning, was overruled. A guilty verdict was returned by the jury.

### The Arrest

Roberson contends that she was searched, detained and questioned by Postal Inspectors without being formally arrested. Alternatively, she argues that if the Inspectors' actions constitute an arrest, it was invalid because there was no probable cause or authority for the Inspectors to make a warrantless arrest. We address this latter argument first.

■ Title 18 U.S.C.A. § 3061(a)(3) authorizes Postal Service officials to make warrantless arrests "if they have reasonable grounds to believe that the person to be arrested has committed or is committing such a felony." This Court has found "reasonable grounds" to be equivalent of "probable cause." *United States v. Gibson*, 462 F.2d 400, 402 (5th Cir. 1972). Furthermore the Supreme Court has perceived the legitimate intent behind § 3061 to expressly empower Postal Inspectors the right to arrest without warrant upon probable cause. *United States v. Watson*, 423 U.S. 411, 416 n.4, 96 S.Ct. 820, 824 n.4, 46 L.Ed.2d 598, 604 n.4 (1976). The record before this Court amply demonstrates that the Inspectors had "probable cause" to take Roberson into custody. They had (i) received an unusual number of customer complaints about lost mail, (ii) observed Roberson taking a box of mail from the Government vehicle and placing it in her own car which they later observed to be the undelivered product samples, (iii) failed to find the undelivered "test letters" in the "dead letter" box of the Post Office, and (iv) viewed the partially opened "test letters" in Roberson's possession.

■ Roberson's arguments that exigent circumstances failed to justify a warrantless arrest and that the Inspectors had enough time to obtain a warrant also fails. Exigent circumstances are not constitutionally required to make a warrantless arrest in a public place when probable cause exist. *United States v. Butler*, 611 F.2d 1066, 1070 (5th Cir. 1980); *United States v. Campbell*, 575 F.2d 505, 507 (5th Cir. 1978). These facts and circumstances which were within the knowledge of the Postal Inspectors at the time of the arrest were sufficient to reasonably justify their belief that an offense had been committed. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

■ We next consider whether or not Roberson's detention constituted an arrest. Once probable cause has arisen, this Court has considered three additional factors in deciding whether interrogation has occurred in a custodial context: "[W]hether the subjective intent of the officer conducting the interrogation was to hold defendant; whether the subjective belief of the defendant was that her freedom was significantly restricted; and whether the investigation had focused on the defendant at the time of the interrogation." *United States v. Williams*, 594 F.2d 86, 92 n.12 (5th Cir. 1979); *United States v. Warren*, 578 F.2d 1058, 1071 (5th Cir. 1978) (*en banc*), *cert. denied*, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980). *See also United States v. Nash*, 563 F.2d 1166, 1168 (5th Cir. 1977).

The record in the present case clearly establishes each of the three *Williams* factors. Roberson was escorted into the Post Office, given her *Miranda* warnings and questioned by the Postal Inspectors. These actions made it obvious that the Inspectors intended to detain Roberson and that the investigation had focused solely on her. She was not free to leave nor did she attempt to do so. Although the Inspectors at trial admitted that they did not tell her she was "under arrest," neither formal words nor the filing of a formal arrest record is required to place an individual under arrest. *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *United States v. Ashcroft*, 607 F.2d 1167, 1168 (5th Cir. 1979), *cert. denied*, 446 U.S. 966, 100 S.Ct. 2944, 64 L.Ed.2d 826 (1980). Unquestionably, sufficient "probable cause" existed for Roberson's detention by the Postal Inspectors and such detention constituted an arrest within the full statutory authority granted to Postal Service officials.

### The Search

■ Roberson continues her argument by contending that any evidence seized subsequent to an unlawful arrest could not be justified as "incident to a lawful arrest" and was erroneously admitted by the Court. Finding, as we do, that the Inspectors made a valid arrest, the search of Roberson's person and the area within her immediate control was justified under *Chimel* to protect the Inspectors' safety or to prevent Roberson from concealing or destroying the "test

letters." *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694 (1969); *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).

More importantly, we find that the evidence obtained pursuant to this lawful arrest is admissible under the plain view doctrine which requires that the officer view an object of evidentiary value from a position where he is lawfully entitled to be. *Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, 1069 (1968); *United States v. Diecidue*, 603 F.2d 535, 559 (5th Cir. 1979). Certainly, the Postal Inspectors were in a place where they were lawfully entitled to be—the Post Office parking lot. During the surveillance of this area the Inspectors watched Roberson remove a box from the Government vehicle to her personal car, and then, upon her departure, peered through the car windows to discover that the box contained undelivered deodorant samples. Distinguishing articles of evidentiary value through the doors or windows of an automobile is entirely within the scope of the plain view doctrine. *United States v. McDaniel*, 550 F.2d 214, 218 (5th Cir. 1977); *Nunez v. United States*, 370 F.2d 538 (5th Cir. 1967). Additionally, the Inspectors easily spotted the uniquely patterned "test letters" in Roberson's open purse when she stepped from her car. Because the seizure of the "test letters" and consumer samples was justified under the *Chimel* doctrine and the plain view doctrine, we find that the trial court did not err in denying Roberson's motion to suppress this evidence.

### The Instruction

■ Lastly, Roberson objects to the trial court's instruction to prospective jurors that the Government must prove the elements of the offense beyond a reasonable doubt, but

need not prove the exact hour of the day that the crime occurred.[1] Because there was no objection by Roberson's counsel at the time of the comment, we are required to view this complaint by a plain error standard. *United States v. Berrojo*, 628 F.2d 368, 370 (5th Cir. 1980); *United States v. Baptiste*, 608 F.2d 666, 668 (5th Cir. 1977). See F.R.Crim.P. 52(b). "Plain error" is that which affects the substantial rights of the parties, *United States v. McLeod*, 608 F.2d 1076, 1078 (5th Cir. 1979), and by that analysis, will result in a reversal only if the error involves "serious deficiencies which affect the fairness, integrity or public reputation of the judicial proceedings or which constitute obvious error." *United States v. McGuire*, 608 F.2d 1028, 1034 (5th Cir. 1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1060, 62 L.Ed.2d 782 (1980).

■ The indictment in the present case alleged only that the offense occurred "on or about May 14, 1980." Under 18 U.S.C.A. § 1709, the alleged offense must minimally contain the following three elements: (i) at the time and place alleged the Defendant was an employee of the Postal Service, (ii) a letter intended to be conveyed by mail then and there came into the Defendant's possession as an employee of the Postal Service, as charged, and (iii) the Defendant then and there embezzled the letter, as charged. The trial court's comment that the Government was not required to prove the exact time of day the offense occurred was not error. In fact, it was a correct statement of the law. Clearly, these instructions (*see* note 1, *supra*) did not violate any of Roberson's substantial rights or deny her a fair trial.

Our review of the record as a whole has not revealed any of the lower court's fact findings to be clearly erroneous or judicial orders or conclusions to be wrong. The conviction was legally supportable.

AFFIRMED.

1. I have told you, ladies and gentlemen, that the Government must prove each of the basic elements of the offense beyond a reasonable doubt. That doesn't mean they have to prove exactly what time of day this occurred. They have to prove on or about the day as alleged in the indictment. I am telling you they don't have to prove every single little insignificant fact. It does mean they have to prove beyond a reasonable doubt every basic fact.
R. vol. II, at 222.