IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60112
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME MOSS,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-27-D
- - - - - - - - - - -
December 26, 1997
Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Jerome Moss appeals from his conviction of embezzlement by a postal employee and failure to remit funds by a postal employee. Moss contends that the evidence was insufficient to support his conviction; that the district court erred by denying his motion to admit polygraph evidence; and that the exclusion of his polygraph evidence violated his rights to confrontation and to present exculpatory evidence.

Moss himself testified that he was the Holly Springs,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mississippi, postmaster.  The jury could have inferred beyond a reasonable doubt from the evidence that the registered mail pouches containing the four deposits at issue in Moss's case reached Holly Springs intact; that Moss was motivated by his gambling debts to take the deposits; and that Moss took the deposits.  *United States v. Roberson*, 650 F.2d 84, 87 (5th Cir. 1981); 18 U.S.C. § 1709.  The evidence was sufficient to support Moss's embezzlement conviction.

The jury could have inferred beyond a reasonable doubt from the evidence that the vending-machine funds at issue in Moss's case came into Moss's hands; that Moss was motivated by his gambling debts to take the funds; and that Moss failed to remit or deposit the funds.  18 U.S.C. § 1711.  The evidence was sufficient to support Moss's failure-to-remit conviction.

The district court's ruling denying Moss's motion to admit polygraph evidence was not an abuse of discretion.  *United States v. Pettigrew*, 77 F.3d 1500, 1514 (5th Cir. 1996).  Moss used an expert retained by the defense to conduct his examination and no representative of the Government was present at the examination. The expert's testimony did not indicate what procedures were followed before the examination and did not indicate whether Moss had taken medication or other drugs before the examination. Moreover, because the Government also had conducted a polygraph examination and had obtained results opposite to those obtained by Moss's expert, admission of the polygraph evidence likely

would have resulted in a "battle of the experts" to determine which examination was better, leading to confusion among jurors.

AFFIRMED.