United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40697
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LERRY KEHINDE AKINSUROJU,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-101
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lerry Kehinde Akinsuroju appeals his jury-trial conviction
and sentence on five counts of embezzlement of United States mail
by a postal employee, in violation of 18 U.S.C. § 1709. On
appeal, Akinsuroju challenges the sufficiency of the evidence
supporting his conviction. He argues that the Government failed
to prove beyond a reasonable doubt that he intended to embezzle
United States mail. Akinsuroju moved for a judgment of acquittal
at the close of the Government's case, but failed to renew the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion at the close of the evidence.  Accordingly, our review is limited to whether his conviction resulted in a manifest miscarriage of justice.  United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994).  Such a miscarriage would exist only "if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking."  Id. (citations omitted).  "[T]he evidence . . . must be considered in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices."  Id.

To obtain a conviction for embezzlement of mail, the Government must prove beyond a reasonable doubt that:  (1) the defendant was an employee of the United States Postal Service at the time of the offense, (2) an article intended to be conveyed by mail came into the defendant's possession in the course of the defendant's duties as a Postal Service employee, and (3) the defendant embezzled the article of mail.  United States v. Roberson, 650 F.2d 84, 87 (5th Cir. 1981), abrogated on other grounds, United States v. Corral-Franco, 848 F.2d 536, 541 (5th Cir. 1988).

According to the evidence adduced at trial, Akinsuroju was employed as a postal carrier with the United States Postal Service in Plano, Texas, at the time of his arrest.  He was observed by Postal Inspection Service agents taking mail from his postal vehicle and placing it inside the trunk of his personal

vehicle.  When confronted by the agents, Akinsuroju admitted to having stolen many items on a routine basis from the undeliverable bulk business mail bin.  Testimony confirmed that mail found in Akinsuroju's trunk was properly post-marked, was intended to be conveyed by mail, and was entrusted to Akinsuroju for delivery.  Contrary to Akinsuroju's claim, the Government proved that he intended to embezzle mail when it presented testimony that Akinsuroju admitted to stealing the items found in his vehicle and initialed each item that he had stolen.

The evidence clearly establishes that Akinsuroju's conviction was not a manifest miscarriage of justice. See Inocencio, 40 F.3d at 724.  In fact, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. at 319.

Akinsuroju next argues that the district court clearly erred by increasing his base offense level by four levels pursuant to U.S.S.G. § 2B1.1(b)(2)(B) because his offense involved a specific number of mail items embezzled from specific victims and thus the underlying reasons for presuming that his offense involved at least 50 victims--unique problems of proof--did not exist.

Section 2B1.1(b)(2)(B) provides for a four-level enhancement where a defendant is convicted of an embezzlement offense involving 50 or more victims.  Because of the unique problems of proof, the difficult-to-quantify non-monetary losses, and the

importance of maintaining the integrity of the United States mail, the Guideline includes a special provision for cases involving the taking of undelivered United States mail from a United States Postal Service delivery vehicle. § 2B1.1(b)(2)(B), comment. (n.4(C)(i),(ii)(I)). That application note provides that the offense shall be considered to have involved at least 50 victims.

After the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), we continue to review the district court's application of the guidelines de novo and its factual findings for clear error. United States v. Villegas, 404 F.3d 355, 361-62 (5th Cir. 2005); United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005), cert. denied, 126 S. Ct. 268 (2005. A district court's determination of what constitutes relevant conduct for sentencing purposes is a factual finding. United States v. Buck, 324 F.3d 786, 796 (5th Cir. 2003). If a factual finding is plausible in light of the record as a whole, there is no clear error. United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998).

Akinsuroju was assigned to Rural Route 62 in June 2001, and delivered mail on the route until his arrest on February 10, 2004. During that time, the postal service received numerous complaints from the residents living on Akinsuroju's route. He admitted to stealing mail items on a routine basis. It is plausible that, during the two years and eight months that

Akinsuroju was assigned to Rural Route 62, he embezzled mail from at least 50 victims, and the district court's finding to that effect is not clearly erroneous. Moreover, the plain language of the commentary requires the application of the guideline when United States mail is taken from a postal service vehicle. Accordingly, Akinsuroju's argument lacks merit. His conviction and sentence are AFFIRMED.